**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Stanna L. Sperling,<br>Plaintiff<br>-vs-<br>City of Tempe, et al.,<br>Defendants. | CV-24-1260-PHX-JFM<br><br>**Report & Recommendation<br>to the Hon. Stephen M. McNamee** |

This matter is before the undersigned magistrate judge awaiting consents pursuant to 28 U.S.C. § 636(c).[1] Because the appropriate resolution of this matter is dispositive of claims or defenses, the undersigned proceeds by way of a Report & Recommendation to Senior District Judge McNamee, pursuant to 28 U.S.C. § 636(b)(1)(B) and General Order 21-25.

Plaintiff commenced this action by filing her original Complaint (Doc. 1) on May 28, 2024. On July 18, 2024, Plaintiff filed her First Amended Complaint (Doc. 14). In the Order filed July 26, 2024, the Court noted the First Amended Complaint (Doc. 14), continued to include Defendants City of Tempe and Julie Schofield, and added Defendant Mayor Woods. The Court noted that the filing of an amended complaint does not reset the time for service, except as to newly added defendants. *See* Wright & Miller, *Time Limit for Service*, 4B Fed. Prac. & Proc. Civ. § 1137, at text surrounding nn. 38 & 39 (4th ed.). Consequently, under Fed. R. Civ. Proc. 4(m), Plaintiff's 90 days to complete service on Defendants City of Tempe and Schofield would expire on August 27, 2024.[2] (Order 7/26/24.)

---

[1] One party's agreement to magistrate judge jurisdiction (Doc. 12) was filed July 18, 2024.

[2] The time for service on Defendant Woods expires on October 16, 2024.

- 1 -

1    No returns of service were filed, and consequently on September 4, 2024 Plaintiff
2 was ordered to show cause why Defendants City of Tempe and Schofield should not be
3 dismissed for failure to timely serve. The deadline to do so expired on September 18,
4 2024. Plaintiff has not responded.

5    Dismissal of a party is appropriate where a plaintiff fails to show good cause for
6 delays in service. *See Walker v. Sumner,* 14 F.3d 1415 (9th Cir. 1994).

> At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991). Plaintiff has not provided good cause for her continuing delay in service.

   Notwithstanding Rule 4(m), where "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3rd Cir. 1995). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009). Plaintiff has offered no basis for the Court to find excusable neglect to avoid dismissal.

   **IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 4(m), Defendant City of Tempe and Defendant Schofield be **DISMISSED WITHOUT PREJUDICE.**

**EFFECT OF RECOMMENDATION**

   This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

   However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file

- 2 -

1 objections to any findings or recommendations of the Magistrate Judge will be considered
2 a waiver of a party's right to *de novo* consideration of the issues, see *United States v.*
3 *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver
4 of a party's right to appellate review of the findings of fact in an order or judgment entered
5 pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143,
6 1146-47 (9th Cir. 2007).

Dated: September 25, 2024

24-1260r RR 24 09 25 re Dismiss FTSrv.docx

James F. Metcalf
United States Magistrate Judge